By the Court.—Freedman, J.
This action was brought by the plaintiff to recover for services rendered to the defendant as attorney, and the referee gave judgment for the plaintiff. The parties' having stipulated that the finding of the referee determining the value of the services should not be disturbed on this appeal, I fail to discover in the remainder of the case any ground calling for a reversal of the judgment. •The other findings of fact appear to be sustained by the evidence, and to support the conclusions of law based thereon.
Under the retainer of February 34, 1877, the plaintiff was to file and prosecute objections to the will to prevent its admission to probate, and under a special agreement with the defendant with reference to the proceedings deemed necessary for that purpose, be consented that he would be satisfied with whatever defendant saw fit to give him. The contest ended with the withdrawal of the objections with defendant’s consent, and the entry of a decree on March 13, 1877, admitting the will to probate. With the entry of this decree the employment of the plaintiff as attorney came to an end, and the plaintiff is satisfied with the amount admitted by the defendant to be due to him up to this time, and so found by the referee.
*15 When, in the following month of May, the defendant resolved to re-open the contest over the will, and again retained the plaintiff to procure a revocation of the probate, she employed him for a new, distinct and not only technically, but essentially, different proceeding. Upon this new retainer no allusion was made by either side as to plaintiff’s compensation, and the implication therefore is that the plaintiff was to be paid a reasonable value for his services. If the fact was otherwise, the burden is upon the defendant to show it, and this she has not done.
Now, it is true that this new contract was entire in the sense that the plaintiff, as the attorney retained, was bound to attend to the proceeding until its final determination, and that, if he abandoned it without lawful cause before that stage was reached, he cannot recover any compensation. But notwithstanding that, the defendant retained the right which every client has, to change at any time her attorney at her own volition, subject only to such conditions as, in case of dispute, the court might impose, and the plaintiff retained the right to terminate, at any stage of the proceeding, the relation existing between him and the defendant, for lawful cause and on reasonable notice. On withdrawing from the case at the time and in the manner he did, the plaintiff only exercised this reserved right. There is no question as to the sufficiency of the notice, and the evidence sufficiently establishes lawful cause. The relation between attorney and client requires great confidence and perfect harmony between the parties to it, and the introduction into the case by the client, against the attorney’s consent, of a gentleman as counsel, against whom the attorney has personal and professional objections, and with whom he is unwilling to be associated, constitutes lawful cause for withdrawal. In the case at bar the defendant was guilty of such conduct. This left the plaintiff at lib *16 erfcy to charge the reasonable value of his services up to the time of his withdrawal.
The judgment should be affirmed, with costs.
Sedgwick, Ch. J., and Speir, J., concurred.